NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JENNIFER L. KEEN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1541

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-15-0473-I-1.

---

Decided: July 13, 2017

---

JENNIFER L. KEEN, Sevierville, TN, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before PROST, *Chief Judge,* NEWMAN and LINN, *Circuit Judges.*

PER CURIAM.

Jennifer Keen seeks review of the Merit Systems Protection Board's decision dismissing her appeal for lack of jurisdiction. *Keen v. Dep't of the Air Force*, AT-0752-15-0473-I-1 (Final Decision, Dec. 29, 2016). We affirm.

## I

Ms. Keen served as a security specialist for the Department of Air Force ("agency") in the 96th Air Base Wing IP Office. In May 2011, the agency issued Ms. Keen a written reprimand based on two separate charges. The first involved a verbal confrontation with a co-worker between January 2011 and March 2011. The second charge related to additional employee statements filed several months later, accusing Ms. Keen of speaking inappropriate racial or ethnic slurs when referring to her co-workers and their spouses. In response to these charges, the Equal Employment Opportunity Commission Office of Federal Operations issued a ruling finding that Ms. Keen engaged in racially discriminatory harassment over a period of several months in 2011. The agency subsequently issued her a notice of proposed removal.

Facing the prospect of removal, Ms. Keen approached an agency employee serving as a Civilian Personnel Specialist to inquire about her options for deferred retirement. The next day, she met again with the specialist to discuss the option of resigning her position in lieu of removal. During that meeting, Ms. Keen inquired about her appeal rights assuming the agency carried out the removal process. After receiving the agency's notice of final decision of proposed removal, Ms. Keen spoke with her supervisor to discuss offering her voluntary resignation to avoid removal. Later that day, Ms. Keen met with the specialist to inform her that she was formally resigning her post.

The following month, Ms. Keen filed an appeal with the Merit Systems Protection Board ("MSPB" or "Board"), arguing that her resignation was involuntary for being procured by misinformation from the agency and the product of coercion. Later that year, the administrate judge conducted a jurisdictional hearing to determine whether Ms. Keen's resignation was indeed involuntary. Among the disputes that the administrate judge resolved were whether the specialist misinformed Ms. Keen that she would have a right to appeal her resignation to the MSPB and whether the removal would remain on her record as a result.

After hearing live testimony from Ms. Keen, her supervisor, and the specialist, the administrate judge concluded that Ms. Keen failed to prove by a preponderance of evidence that her resignation was either a product of misinformation or by agency coercion. In reaching this conclusion, the administrate judge evaluated the witnesses' credibility using the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), and it concluded that the specialist did not actually inform Ms. Keen of any appeal rights that may or may not attach to her voluntary resignation.

Following the administrate judge's initial decision, Ms. Keen appealed to the full Board, disputing the administrate judge's findings, but the Board affirmed the initial decision and adopted it as the MSPB's final decision. Specifically, it found no reason to disturb the administrate judge's credibility determinations and concluded that the agency did not provide misleading information or coerce her resignation. Ms. Keen timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

On appeal, Ms. Keen asks us to reverse the Board on two grounds. First, she alleges that the specialist told her

that if she resigned, the removal will not be included in her employment record. Second, she alleges that the specialist indicated that if she resigns, she could appeal to the MSPB. The government argues that the administrate judge based his findings on credibility determinations after observing the live testimony of Ms. Keen, her supervisor, and the specialist. Credibility determinations, as the government contends, are essentially unreviewable on appeal. We agree with the government.

We must set aside agency actions, findings, or conclusions we find "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Credibility determinations, however, are "virtually unreviewable" on appeal. *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986).

Although the administrate judge and Board acknowledge conflicting testimony between Ms. Keen on the one hand, and her supervisor and the specialist on the other, the administrate judge rested his factual findings and conclusions on the credibility and demeanor of the witnesses. *Compare* Resp't Suppl. App. 24 ("Ultimately, I have no reason to question [the specialist's] version of the January 29th meeting regarding the information that she shared with the appellant . . . ."), *with id.* at 25 ("The appellant, on the other hand, was biased in her version of the events and I find reason to question her credibility on the basis of her character and her demeanor at [the] hearing. I found [her] testimony to be evasive, vague, self-serving and inconsistent with the established facts.").

Although the credibility choice between two witnesses can be overcome if contradicted by extrinsic evidence, *see Hambsch*, 796 F.2d at 436, we find nothing in the record to justify reconsideration of the administrate judge's

findings. Accordingly, because substantial evidence supports these findings, we affirm the Board.

**AFFIRMED**

COSTS

The parties shall bear their own costs.